## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.

**CARLOS ROSA**,

     Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS INC,**
**EQUIFAX INFORMATION SERVICES LLC,**
**TRANS UNION LLC,**
and **SYNCHRONY FINANCIAL**
**D/B/A SYNCHRONY BANK**,

     Defendants.

_____/

### COMPLAINT

Plaintiff Carlos Rosa ("Plaintiff") sues Defendant Experian Information Solutions Inc,
Defendant Equifax Information Services LLC, Defendant Trans Union LLC, and Defendant
Synchrony Financial d/b/a Synchrony Bank (collectively, the "Defendants") for violations of the
Fair Credit Reporting Act ("FCRA").

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and
28 U.S.C. § 1337.

2.     Venue in this District is proper because Plaintiff resides here, Defendants transact
business here, and the complained conduct of Defendants occurred here.

### PARTIES

3.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-
Dade County, Florida.

4.      Defendant Experian Information Solutions Inc ("Experian") is an Ohio corporation with its principal place of business located in Costa Mesa, California.

5.      Defendant Equifax Information Services LLC ("Equifax") is a Georgia limited liability company with its principal place of business located in Atlanta, Georgia.

6.      Defendant Trans Union LLC ("Trans Union") is a Delaware limited liability company with its principal place of business located in Chicago, Illinois.

7.      Defendant Synchrony Financial d/b/a Synchrony Bank ("Synchrony Bank") is a Delaware limited liability company with its principal place of business located in Stamford, Connecticut.

## DEMAND FOR JURY TRIAL

8.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

9.      This action relates to false, incomplete, and inaccurate information on Plaintiff's credit reports that the Defendants allowed to persist to despite their obligations under the FCRA.

10.     On a date better known by Defendants, Synchrony Bank began reporting false and inaccurate information regarding a CareCredit account (the "Subject Account") associated with Plaintiff to the credit reporting agencies.

11.     The Subject Account, as reported on Plaintiff's credit reports, is erroneous and incomplete because it is the product of fraud, and, as such, requires correction. In particular, among other issues, the Subject Account is erroneous because it was opened without Plaintiff's knowledge or consent. Additionally, Plaintiff never authorized any charges for the Subject Account. Moreover, the amount on the Subject Account is incorrect. As such, to achieve the necessary correction, Plaintiff disputed the Subject Account with the national credit bureaus.

12.     As set forth below, Plaintiff sent written disputes to Experian, Equifax, and TransUnion (the "CRAs").

13.     Despite receiving Plaintiff's dispute, the CRAs failed to timely conduct a reasonable investigation into the Subject Account and, as a result, allowed false, inaccurate, and incomplete information to persist on Plaintiff's credit reports.

14.     Despite failing to conduct an independent, reasonable investigation into Plaintiff's initial dispute, Plaintiff continued disputing the Account with the CRAs in an attempt to excuse failures. However, the CRAs continued to allow false, inaccurate, and incomplete information to persist on Plaintiff's credit reports.

15.     In response to the disputes, the CRAs transmitted each of Plaintiff's disputes to Synchrony Bank; however, Synchrony Bank failed to conduct any reasonable investigation into Plaintiff's disputes.

## **<u>EXPERIAN</u>**

16.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

17.     Experian regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

18.     Experian is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

19.     On January 7, 2025, Plaintiff sent Experian a written dispute regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Syncb/Care Credit account opened on 08-07-2019 is inaccurate. The status of this account is inaccurate. I never authorized any charges for this card. I am not the correct debtor of this account. I never opened this account."

Plaintiff further stated that "Found out later that they charged the card for the balance that was written off and rolled for 4 years until Synchrony Bank sued me for it and had to get a lawyer to resolve it in court. Synchrony Bank lost in court and it's been 2 years. A notice of dismissal regarding the lawsuit is attached."

20.     Experian received the dispute sent by Plaintiff on January 7, 2025 and transmitted it to Synchrony Bank.

21.     As part of the dispute, Plaintiff provided a copy of Plaintiff's driver's license, a recent bill with Plaintiff's current mailing address and a Notice of Dismissal regarding the court case associated with the underlying alleged debt for the Subject Account.

22.     Despite receiving the dispute sent by Plaintiff on or about January 7, 2025, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

23.     Despite receiving the dispute sent by Plaintiff on or about January 7, 2025, Experian continued to report incomplete and inaccurate information disputed by Plaintiff.

24.     Despite receiving the dispute sent by Plaintiff on or about January 7, 2025, Experian continued to report the Subject Account inaccurately.

25.     Despite receiving the dispute sent by Plaintiff on or about January 7, 2025, Experian failed to provide Plaintiff with a copy of Plaintiff's credit report.

26.     Despite receiving the dispute sent by Plaintiff on or about January 7, 2025, Experian failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

27.     As a result of Experian's failure to take appropriate action in response to the dispute, Plaintiff was required to expend additional time preparing and sending another written dispute to Experian.

28.     On April 22, 2025, Plaintiff sent Experian a second written dispute regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Syncb/Care Credit account opened on 08-07-2019 is inaccurate. I never opened this account. This account was opened without my knowledge or consent. I am not the corrector debtor of this account. Please remove this. Moreover, the amount being reported is wrong and I only know this because Synchrony Bank sent me a 1099 in the mail for the actual amount that was charged off. See attached. Regardless, this account does not belong to me."

29.     Experian received the dispute sent by Plaintiff on April 22, 2025, and transmitted it to Synchrony Bank.

30.     As part of the dispute, Plaintiff provided a copy of Plaintiff's driver's license, a recent bill with Plaintiff's current mailing address, a copy of the relevant 1099, and a Notice of Dismissal regarding the court case associated with the underlying alleged debt for the Subject Account.

31.     Despite receiving the dispute sent by Plaintiff on or about April 22, 2025, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

32.     Despite receiving the dispute sent by Plaintiff on or about April 22, 2025,  Experian continued to report incomplete and inaccurate information disputed by Plaintiff.

33.     Despite receiving the dispute sent by Plaintiff on or about April 22, 2025, Experian continued to report the Subject Account inaccurately.

34.     Despite receiving the dispute sent by Plaintiff on or about April 22, 2025, Experian failed to provide Plaintiff with a copy of Plaintiff's credit report.

35.     Despite receiving the dispute sent by Plaintiff on or about April 22, 2025,  Experian failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

36.     As a result of Experian's failure to take appropriate action in response to the dispute, Plaintiff was required to expend additional time preparing and sending another written dispute to Experian.

37.     On September 10, 2025, Plaintiff sent Experian a third written dispute regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Syncb/Care Credit account opened on 08-07-2019 is inaccurate and the product of fraud. I never opened this account. This account was opened without my knowledge or consent. See attached supporting documentation. This account was opened by Great Expressions Dental Central. I scheduled an appointment with Great Expressions Dental Central (GEDC) for a bridge replacement. GEDC wrongfully opened an account with Care Credit in my name and prospectively charged me for the bridge replacement. I cancelled my appointment. I never had the service. . Included is a copy of an FTC Identity Theft Report. Please immediately block and/or remove from my report all information associated with the identity theft."

38.     Experian received the dispute sent by Plaintiff on September 10, 2025 and transmitted it to Synchrony Bank.

39.     Despite receiving the dispute sent by Plaintiff on or about September 10, 2025, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

40.     Despite receiving the dispute sent by Plaintiff on or about September 10, 2025, Experian continued to report incomplete and inaccurate information disputed by Plaintiff.

41.     Despite receiving the dispute sent by Plaintiff on or about September 10, 2025, Experian continued to report the Subject Account inaccurately.

42.     Despite receiving the dispute sent by Plaintiff on or about September 10, 2025, Experian failed to provide Plaintiff with a copy of Plaintiff's credit report.

43.     Despite receiving the dispute sent by Plaintiff on or about September 10, 2025, Experian failed to notify Plaintiff that it deemed the Dispute irrelevant and/or frivolous.

44.     Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

45.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

46.     Experian failed to conduct a reasonable investigation into Plaintiff's disputes.

47.     Experian failed to review and consider all relevant information submitted by Plaintiff.

48.     Experian failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (Experian).

49.     Experian did not conduct any independent investigation after it (Experian) received Plaintiff's disputes and, instead, chose to parrot the information it (Experian) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

50.     Experian possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Experian failed to correct the information.

51.     Experian's reporting of inaccurate information, namely, the Subject Account, despite evidence that said information is inaccurate, evidences Experian's failure to establish or

follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

52.     Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

53.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

**EQUIFAX**

54.     Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

55.     Equifax regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

56.     Equifax is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

57.     On January 7, 2025, Plaintiff sent Equifax a written dispute regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Syncb/Care Credit account opened on 08-07-2019 is inaccurate. The status of this account is inaccurate. I never authorized any charges for this card. I am not the correct debtor of this account. I never opened this account." Plaintiff further stated that "Found out later that they charged the card for the balance that was written off and rolled for 4 years until Synchrony Bank sued me for it and had to get a lawyer to resolve it in court. Synchrony Bank lost in court and it's been 2 years. A notice of dismissal regarding the lawsuit is attached."

58.     Equifax received the dispute sent by Plaintiff on January 7, 2025 and transmitted it to Synchrony Bank.

59.     As part of the dispute, Plaintiff provided a copy of Plaintiff's driver's license, a recent bill with Plaintiff's current mailing address and a Notice of Dismissal regarding the court case associated with the underlying alleged debt for the Subject Account.

60.     Despite receiving the dispute sent by Plaintiff on or about January 7, 2025, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

61.     Despite receiving the dispute sent by Plaintiff on or about January 7, 2025,  Equifax continued to report incomplete and inaccurate information disputed by Plaintiff.

62.     Despite receiving the dispute sent by Plaintiff on or about January 7, 2025, Equifax continued to report the Subject Account inaccurately.

63.     Despite receiving the dispute sent by Plaintiff on or about January 7, 2025, Equifax failed to provide Plaintiff with a copy of Plaintiff's credit report.

64.     Despite receiving the dispute sent by Plaintiff on or about January 7, 2025,  Equifax failed to notify Plaintiff that it deemed the Dispute irrelevant and/or frivolous.

65.     As a result of Equifax's failure to take appropriate action in response to the dispute, Plaintiff was required to expend additional time preparing and sending another written dispute to Equifax.

66.     On April 22, 2025, Plaintiff sent Equifax a second written dispute regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Syncb/Care Credit account opened on 08-07-2019 is inaccurate. I never opened this account. This account was opened without my knowledge or consent. I am not the corrector debtor of this account. Please remove this. Moreover, the amount being reported is wrong and I only know this because Synchrony Bank sent me a 1099 in the mail for the actual amount that was charged off. See attached. Regardless, this account does not belong to me."

67.     Equifax received the dispute sent by Plaintiff on April 22, 2025 and transmitted it to Synchrony Bank.

68.     As part of the dispute, Plaintiff provided a copy of Plaintiff's driver's license, a recent bill with Plaintiff's current mailing address, a copy of the relevant 1099, and a Notice of Dismissal regarding the court case associated with the underlying alleged debt for the Subject Account.

69.     Despite receiving the dispute sent by Plaintiff on or about April 22, 2025, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

70.     Despite receiving the dispute sent by Plaintiff on or about April 22, 2025,  Equifax continued to report incomplete and inaccurate information disputed by Plaintiff.

71.     Despite receiving the dispute sent by Plaintiff on or about April 22, 2025, Equifax continued to report the Subject Account inaccurately.

72.     Despite receiving the dispute sent by Plaintiff on or about April 22, 2025, Equifax failed to provide Plaintiff with a copy of Plaintiff's credit report.

73.     Despite receiving the dispute sent by Plaintiff on or about April 22, 2025,  Equifax failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

74.     As a result of Equifax's failure to take appropriate action in response to the dispute, Plaintiff was required to expend additional time preparing and sending another written dispute to Equifax.

75.     On September 10, 2025, Plaintiff sent Equifax a third written dispute regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Syncb/Care Credit account opened on 08-07-2019 is inaccurate and the product of fraud. I never opened this account. This account was opened without my knowledge or consent. See attached supporting documentation.

This account was opened by Great Expressions Dental Central. I scheduled an appointment with Great Expressions Dental Central (GEDC) for a bridge replacement. GEDC wrongfully opened an account with Care Credit in my name and prospectively charged me for the bridge replacement. I cancelled my appointment. I never had the service. Included is a copy of an FTC Identity Theft Report. Please immediately block and/or remove from my report all information associated with the identity theft."

76.    Equifax received the dispute sent by Plaintiff on September 10, 2025 and transmitted it to Synchrony Bank.

77.    Despite receiving the dispute sent by Plaintiff on or about September 10, 2025, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

78.    Despite receiving the dispute sent by Plaintiff on or about September 10, 2025, Equifax continued to report incomplete and inaccurate information disputed by Plaintiff.

79.    Despite receiving the dispute sent by Plaintiff on or about September 10, 2025, Equifax continued to report the Subject Account inaccurately.

80.    Despite receiving the dispute sent by Plaintiff on or about September 10, 2025, Equifax failed to provide Plaintiff with a copy of Plaintiff's credit report.

81.    Despite receiving the dispute sent by Plaintiff on or about September 10, 2025, Equifax failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

82.    Despite receiving Plaintiff's disputes of the Subject Account, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

83.    Despite receiving Plaintiff's disputes, Equifax continues to report the Subject Account inaccurately.

84.     Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

85.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

86.     Equifax failed to conduct a reasonable investigation into Plaintiff's disputes.

87.     Equifax failed to review and consider all relevant information submitted by Plaintiff.

88.     Equifax failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (Equifax).

89.     Equifax did not conduct any independent investigation after it (Equifax) received Plaintiff's disputes and, instead, chose to parrot the information it (Equifax) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

90.     Equifax possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Equifax failed to correct the information.

91.     Equifax's reporting of inaccurate information, namely, the Subject Account, despite evidence that said information is inaccurate, evidence Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

92.     Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

93.     Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

## TRANS UNION

94.     Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

95.     Trans Union regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

96.     Trans Union is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

97.     On January 7, 2025, Plaintiff sent Trans Union a written dispute regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Syncb/Care Credit account opened on 08-07-2019 is inaccurate. The status of this account is inaccurate. I never authorized any charges for this card. I am not the correct debtor of this account. I never opened this account." Plaintiff further stated that "Found out later that they charged the card for the balance that was written off and rolled for 4 years until Synchrony Bank sued me for it and had to get a lawyer to resolve it in court. Synchrony Bank lost in court and it's been 2 years. A notice of dismissal regarding the lawsuit is attached."

98.     Trans Union received the dispute sent by Plaintiff on January 7, 2025 and transmitted it to Synchrony Bank.

99.     As part of the dispute, Plaintiff provided a copy of Plaintiff's driver's license, a recent bill with Plaintiff's current mailing address and a Notice of Dismissal regarding the court case associated with the underlying alleged debt for the Subject Account.

100.     Despite receiving the dispute sent by Plaintiff on or about January 7, 2025, Trans Union failed to conduct any investigation into the accuracy of Plaintiff's credit report.

101.     Despite receiving the dispute sent by Plaintiff on or about January 7, 2025,  Trans Union continued to report incomplete and inaccurate information disputed by Plaintiff.

102.     Despite receiving the dispute sent by Plaintiff on or about January 7, 2025, Trans Union continued to report the Subject Account inaccurately.

103.     Despite receiving the dispute sent by Plaintiff on or about January 7, 2025, Trans Union failed to provide Plaintiff with a copy of Plaintiff's credit report.

104.     Despite receiving the dispute sent by Plaintiff on or about January 7, 2025,  Trans Union failed to notify Plaintiff that it deemed the Dispute irrelevant and/or frivolous.

105.     As a result of Trans Union's failure to take appropriate action in response to the dispute, Plaintiff was required to expend additional time preparing and sending another written dispute to Trans Union.

106.     On April 22, 2025, Plaintiff sent Trans Union a second written dispute regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Syncb/Care Credit account opened on 08-07-2019 is inaccurate. I never opened this account. This account was opened without my knowledge or consent. I am not the corrector debtor of this account. Please remove this. Moreover, the amount being reported is wrong and I only know this because Synchrony Bank sent me a 1099 in the mail for the actual amount that was charged off. See attached. Regardless, this account does not belong to me." Plaintiff further stated that he was including ". . . a copy of

the relevant 1099, and a Notice of Dismissal regarding the court case associated with the underlying alleged debt for this inaccurate account."

107.    Trans Union received the dispute sent by Plaintiff on April 22, 2025 and transmitted it to Synchrony Bank.

108.    As part of the dispute, Plaintiff provided a copy of Plaintiff's driver's license, a recent bill with Plaintiff's current mailing address, a copy of the relevant 1099, and a Notice of Dismissal regarding the court case associated with the underlying alleged debt for the Subject Account.

109.    Despite receiving the dispute sent by Plaintiff on or about April 22, 2025, Trans Union failed to conduct any investigation into the accuracy of Plaintiff's credit report.

110.    Despite receiving the dispute sent by Plaintiff on or about April 22, 2025,  Trans Union continued to report incomplete and inaccurate information disputed by Plaintiff.

111.    Despite receiving the dispute sent by Plaintiff on or about April 22, 2025, Trans Union continued to report the Subject Account inaccurately.

112.    Despite receiving the dispute sent by Plaintiff on or about April 22, 2025, Trans Union failed to provide Plaintiff with a copy of Plaintiff's credit report.

113.    Despite receiving the dispute sent by Plaintiff on or about April 22, 2025,  Trans Union failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

114.    As a result of Trans Union's failure to take appropriate action in response to the dispute, Plaintiff was required to expend additional time preparing and sending another written dispute to Trans Union.

115.    On September 10, 2025, Plaintiff sent Trans Union a third written dispute regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Syncb/Care Credit

account opened on 08-07-2019 is inaccurate and the product of fraud. I never opened this account. This account was opened without my knowledge or consent. See attached supporting documentation. This account was opened by Great Expressions Dental Central. I scheduled an appointment with Great Expressions Dental Central (GEDC) for a bridge replacement. GEDC wrongfully opened an account with Care Credit in my name and prospectively charged me for the bridge replacement. I cancelled my appointment. I never had the service. Included is a copy of an FTC Identity Theft Report. Please immediately block and/or remove from my report all information associated with the identity theft."

116.    Trans Union received the dispute sent by Plaintiff on September 10, 2025 and transmitted it to Synchrony Bank.

117.    Despite receiving the dispute sent by Plaintiff on or about September 10, 2025, Trans Union failed to conduct any investigation into the accuracy of Plaintiff's credit report.

118.    Despite receiving the dispute sent by Plaintiff on or about September 10, 2025, Trans Union continued to report incomplete and inaccurate information disputed by Plaintiff.

119.    Despite receiving the dispute sent by Plaintiff on or about September 10, 2025, Trans Union continued to report the Subject Account inaccurately.

120.    Despite receiving the dispute sent by Plaintiff on or about September 10, 2025, Trans Union failed to provide Plaintiff with a copy of Plaintiff's credit report.

121.    Despite receiving the dispute sent by Plaintiff on or about September 10, 2025, Trans Union failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

122.    Despite receiving Plaintiff's disputes of the Subject Account, Trans Union failed to conduct any investigation into the accuracy of Plaintiff's credit report.

123.    Despite receiving Plaintiff's disputes, Trans Union continues to report the Subject Account inaccurately.

124.    Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

125.    Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

126.    Trans Union failed to conduct a reasonable investigation into Plaintiff's disputes.

127.    Trans Union failed to review and consider all relevant information submitted by Plaintiff.

128.    Trans Union failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (Trans Union).

129.    Trans Union did not conduct any independent investigation after it (Trans Union) received Plaintiff's disputes and, instead, chose to parrot the information it (Trans Union) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

130.    Trans Union possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Trans Union failed to correct the information.

131.    Trans Union's reporting of inaccurate information, namely, the Subject Account, despite evidence that said information is inaccurate, evidence Trans Union's failure to establish or

follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

132.     Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

133.     Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

**COUNT 1**
**WILLFUL VIOLATION OF 15 U.S.C. § 1681e(b)**
(against Experian)

134.     Plaintiff incorporates by reference ¶ 9-53 of this Complaint.

135.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

136.     Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

137.     Experian's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

138.     Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and

derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

139.     The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

140.     The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

141.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

142.     As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

143.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages

pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**NEGLIGENT VIOLATION OF 15 U.S.C. § 1681i**
(against Experian)

144.    Plaintiff incorporates by reference ¶ 9-53 of this Complaint.

145.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

146.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

147.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

148.    Additionally, Experian negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

149.    Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request

by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

150.     The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

151.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

152.     As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

153.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 3**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681c-2(a)**
(against Experian)

154.    Plaintiff incorporates by reference ¶ 9-53 of this Complaint.

155.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681c-2(a) by failing to block the reporting of the Subject Account identified by Plaintiff as resulting from identity theft, despite receiving a copy of an FTC Identity Theft Report from Plaintiff.

156.    Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681c-2(a) by refusing to block the Subject Account related to identity theft within four business days of receiving Plaintiff's requests and supporting documentation, despite clear evidence that the information resulted from identity theft.

157.    In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681c-2(a) by failing to exercise reasonable care in processing Plaintiff's requests to block identity theft-related information and failing to block such information as required.

158.    The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

159.    In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

160.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

161.     As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and resources in addressing the continued reporting of identity theft-related information.

162.     WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## WILLFUL VIOLATION OF 15 U.S.C. § 1681e(b)
### (against Equifax)

163.     Plaintiff incorporates by reference ¶¶ 9-15, 54-93 of this Complaint.

164.     On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

165.     Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

166.     Equifax's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

167.     Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

168.     The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

169.     The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

170.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

171.     As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

172.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## NEGLIGENT VIOLATION OF 15 U.S.C. § 1681i
(against Equifax)

173.     Plaintiff incorporates by reference ¶¶ 9-15, 54-93 of this Complaint.

174.     On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

175.     On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

176.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

177.    Additionally, Equifax negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

178.    Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

179.    The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

180.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

181.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

182.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 6
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681c-2(a)
(against Equifax)

183.    Plaintiff incorporates by reference ¶¶ 9-15, 54-93 of this Complaint.

184.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681c-2(a) by failing to block the reporting of the Subject Account identified by Plaintiff as resulting from identity theft, despite receiving a copy of an FTC Identity Theft Report from Plaintiff.

185.    Equifax willfully and/or recklessly failed to comply with 15 U.S.C. § 1681c-2(a) by refusing to block the Subject Account related to identity theft within four business days of receiving Plaintiff's requests and supporting documentation, despite clear evidence that the information resulted from identity theft.

186.    In the alternative, Equifax negligently failed to comply with 15 U.S.C. § 1681c-2(a) by failing to exercise reasonable care in processing Plaintiff's requests to block identity theft-related information and failing to block such information as required.

187.    The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

188.    In the alternative, the conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

189.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

190.    As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and resources in addressing the continued reporting of identity theft-related information.

191.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

### COUNT 7
### WILLFUL VIOLATION OF 15 U.S.C. § 1681e(b)
(against Trans Union)

192.    Plaintiff incorporates by reference ¶¶ 9-15, 94-133 of this Complaint.

193.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

194.    Trans Union failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Trans Union credit report.

195.    Trans Union's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

196.    Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

197.     The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Trans Union, was the direct and proximate result of Trans Union's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

198.     The conduct, action and inaction of Trans Union was willful, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

199.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

200.     As a result of the conduct, action, and inaction, of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

201.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 8
## NEGLIGENT VIOLATION OF 15 U.S.C. § 1681i
(against Trans Union)

202.     Plaintiff incorporates by reference ¶¶ 9-15, 94-133 of this Complaint.

203.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

204.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

205.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

206.    Additionally, Trans Union negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

207.    Trans Union has negligently failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had

advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

208.     The conduct, action, and inaction, of Trans Union was negligent, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

209.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

210.     As a result of the conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

211.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 9
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681c-2(a)
(against Trans Union)

212.     Plaintiff incorporates by reference ¶¶ 9-15, 94-133 of this Complaint.

213.     On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681c-2(a) by failing to block the reporting of the Subject Account identified by Plaintiff as resulting from identity theft, despite receiving a copy of an FTC Identity Theft Report from Plaintiff.

214.     Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681c-2(a) by refusing to block the Subject Account related to identity theft within four business days of

receiving Plaintiff's requests and supporting documentation, despite clear evidence that the information resulted from identity theft.

215.    In the alternative,  Trans Union negligently failed to comply with 15 U.S.C. § 1681c-2(a) by failing to exercise reasonable care in processing Plaintiff's requests to block identity theft-related information and failing to block such information as required.

216.    The conduct, action, and inaction of  Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

217.    In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

218.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

219.    As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and resources in addressing the continued reporting of identity theft-related information.

220.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15

U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 10**
**WILLFUL VIOLATION OF 15 U.S.C. § 1681s-2(b)**
(against Synchrony Bank)

221.    Plaintiff incorporates by reference ¶ 9-133 of this Complaint.

222.    On at least one occasion within the past two years, by example only and without limitation, Synchrony Bank violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

223.    On at least one occasion within the past two years, by example only and without limitation, Synchrony Bank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

224.    On at least one occasion within the past two years, by example only and without limitation, Synchrony Bank violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

225.    Upon information and belief, Synchrony Bank was aware of the FCRA obligations to reasonably investigate dispute when it received notice of Plaintiff's disputes.

226.    When received notice of Plaintiff's disputes from the CRAs, Synchrony Bank could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

227.    Synchrony Bank would have discovered that the information it was reporting about Plaintiff was inaccurate if had reviewed its own systems and previous communications with Plaintiff.

228.    Synchrony Bank's investigation was *per se* deficient by reason of these failures on Synchrony Bank's investigation of Plaintiff's disputes.

229.    As a direct and proximate result of Synchrony Bank's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

230.    Synchrony Bank's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

231.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Synchrony Bank, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 11
### NEGLIGENT VIOLATION OF 15 U.S.C. § 1681s-2(b)
(against Synchrony Bank)

232.    Plaintiff incorporates by reference ¶ 9-133 of this Complaint.

233.    On at least one occasion within the past two years, by example only and without limitation, Synchrony Bank violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

234.    On one or more occasions within the past two years, by example only and without limitation,  Synchrony Bank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

235.    On one or more occasions within the past two years, by example only and without limitation,   Synchrony Bank violated 15 U.S.C. §  1681s-2(b)(1)(E) by failing to delete the inaccurate information.

236.    When   received notice of Plaintiff's disputes from the CRAs,  Synchrony Bank could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

237.    Synchrony Bank would have discovered that the information it was reporting about Plaintiff was inaccurate if  had reviewed its own systems and previous communications with Plaintiff.

238.    Synchrony Bank's investigation was *per se* deficient by reason of these failures on Synchrony Bank's investigation of Plaintiff's disputes.

239.    As a direct and proximate result of Synchrony Bank's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

240.     Synchrony Bank's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

241.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Synchrony Bank, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 12
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681s-2(a)
(against Synchrony Bank)

242.     Plaintiff incorporates by reference ¶ 9-133 of this Complaint.

243.     On at least one occasion within the past two years, by example only and without limitation, Synchrony Bank violated 15 U.S.C. § 1681s-2(a) by reporting the Subject Account identified by Plaintiff as resulting from identity theft, despite receiving a copy of an FTC Identity Theft Report from Plaintiff.

244.     Synchrony Bank willfully and/or recklessly failed to comply with 15 U.S.C. § 1681s-2(a) by continuing to report the Subject Account related to identity theft, despite receiving Plaintiff's requests and supporting documentation showing clear evidence that the information resulted from identity theft.

245.     In the alternative, Synchrony Bank negligently failed to comply with 15 U.S.C. § 1681s-2(a) by failing to exercise reasonable care in processing Plaintiff's requests to block identity theft-related information and continuing to report such information.

246.     The conduct, action, and inaction of Synchrony Bank was willful, rendering Synchrony Bank liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

247.     In the alternative, the conduct, action, and inaction of Synchrony Bank was negligent, rendering Synchrony Bank liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

248.     Plaintiff is entitled to recover reasonable attorney's fees and costs from Synchrony Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

249.     As a result of the conduct, action, and inaction of Synchrony Bank, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and resources in addressing the continued reporting of identity theft-related information.

250.     WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Synchrony Bank, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

DATED: October 25, 2025

/s/ Talal Rashid
**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail:      Talal@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:      305-332-6201